Spangler *v.* Spangler, Appellant.

Submitted April 10, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*John A. Berkey,* for appellant.

*Joseph Levy,* for appellee.

OPINION BY TREXLER, P. J., October 3, 1934:

This was a suit for divorce, the grounds alleged being desertion. The parties were married on the 22nd day of October, 1920. At that time the libellant lived on a farm owned jointly by him and his father and the respondent was staying with her uncle at a place called Kimmelton. Right after the marriage he went to see his sister who was a patient at a hospital in Cumberland, Maryland, and his wife returned to her uncle's home. They have never lived together in one habitation as husband and wife. The wife visited the husband at his home and stayed overnight on several occasions, the last visit being in the spring of 1924, but the evidence discloses that she never joined him with the intention of living with him as his wife. On the farm where he lived, his father, mother and one sister also resided. From the time of the marriage in 1920 and for years thereafter until August, 1930, the libellant at various times asked the respondent to live with him as his wife, but she declined to do so. In the spring of 1922 he and his father sold the farm. At that time he offered to rent a dwelling for himself and his wife at Kimmelton, but she refused to go housekeeping. It appears that prior to October 20, 1921, he proposed to his wife that he rent a place in Coleman and run a store and post office, but she refused to agree to it because she did not like Coleman. It is very evident from a reading of the entire testimony this wife never intended to live with her husband. Witnesses testified that she repeatedly told them she was never going to live with him. One reason she gave was she would not live with him on a farm, she had not been raised on a farm and was not used to farm work. After this objection was no longer available she stated that she had determined to keep a home for her uncle as long as she lived. Since August, 1930, there has

been no intimacy between them not even conversation. Her testimony is very indefinite and evasive. She denies that her husband ever offered to go housekeeping or to give her a home anywhere except with his parents. His testimony was to the effect that these contemplated changes of residence on his part would have afforded them a home separate and apart from his relatives for the intention of the latter was to continue to live on the farm. Upon cross-examination when asked about certain discrepancies in her testimony she continued to answer "I do not know," or "I do not remember" to each question. Her narrative is very unsatisfactory and evidently the master adopted the libellant's version of the matter and no fault can be found in his so doing. The conclusion which he arrived at we think was correct. The master stated, "The libellant made repeated efforts to induce the respondent to live with him, from the time of their marriage until after the death of the father of the libellant. The master believes from the evidence given on the witness stand that the libellant was ready and willing to set up a separate establishment or home to conform to the wishes of his wife. From the testimony of the witnesses and the letter written by respondent to libellant, it appears that the reason they did not go to housekeeping by themselves was because the respondent set up a further condition, namely, that the house should be in a location chosen by herself, a condition which the libellant could not meet. The town of Coleman did not suit her, farm life was hard and lonesome and unsuitable to her, in short her husband did not suit her, hence she chose to desert him without a legal cause."

The decree is affirmed. Appellant to pay the costs.